B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CAROLYN A. DYE, Chapter 7 Trustee | **DEFENDANTS**<br>BUDEE, INC., a California Corporation; SALVADOR VILLANUEVA III, an Individual; JEANNETTE VILLANUEVA, an Individual; LISA CHOW, an Individual; and DOES 1-100, inclusive |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dumas & Kim, APC.  915 Wilshire Blvd., Ste. 1775<br>Los Angeles, CA 90010  TEL: 213/368-5000<br>FAX: 213/368-5009 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(A); (2) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544(b); (3) TURNOVER OF PROPERTY OF THE ESTATE; (4) ACCOUNTING   [11. U.S.C. §§ 541, 542, 544, 548, 550]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   According to Proof |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>Driven Deliveries, Inc. | BANKRUPTCY CASE NO.<br>2:22-bk-14416-DS ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Deborah J. Saltzman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Christian T. Kim* |||
| DATE<br>March 15, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christian T. Kim ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James A. Dumas, Jr. (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
915 Wilshire Boulevard, Suite 1775
Los Angeles, California 90017
Phone:   213-368-5000
Fax:       213-368-5009

Attorneys for Plaintiff and Chapter 7 Trustee
Carolyn A. Dye

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:22-bk-14416-DS |
| DRIVEN DELIVERIES, INC., | [Chapter 7] |
| Debtor. | [Honorable Deborah J. Saltzman] |
| | Adversary No.: |
| CAROLYN A. DYE, Chapter 7 Trustee, | **COMPLAINT TO:** |
| Plaintiff, | **(1) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(A);** |
| vs. | **(2) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544(b);** |
| BUDEE, INC., a California Corporation; SALVADOR VILLANUEVA III, an Individual; JEANNETTE VILLANUEVA, an Individual; LISA CHOW, an Individual; and DOES 1-100, inclusive, | **(3) TURNOVER OF PROPERTY OF THE ESTATE;** **(4) ACCOUNTING** |
| Defendants. | **[11. U.S.C. §§ 541, 542, 544, 548, 550]** |

1

1      COMES NOW, Plaintiff and Chapter 7 Trustee Carolyn A. Dye ("Trustee" or "Plaintiff"), as

2 and for her complaint herein, complains and alleges as follows:

## THE PARTIES AND JURISDICTION

3      1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(H).  In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims.  Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding is related to the bankruptcy case of Driven Deliveries, Inc., bearing case number 2:22-bk-14416-DS, presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court. ("Bankruptcy Case")  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the debtor, Driven Deliveries, Inc.'s, Chapter 7 case.

2.      The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, on August 15, 2022. ("Petition Date")

3.      The Plaintiff, Carolyn A. Dye is the duly appointed and acting Chapter 7 bankruptcy trustee for the estate of Driven Deliveries, Inc. ("Debtor")

4.      The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Budee, Inc., is a California corporation, located at 2826 Norton Avenue, Lynwood, California 90262 ("Budee"), and is subject to the jurisdiction of this Court.  The Plaintiff is informed and believes and thereon alleges that, Budee continues to operate as a business entity separate and apart from the Debtor.

5.      The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Salvador Villanueva III ("Salvador Villanueva") is an individual that resides in Simi Valley, California, an insider of the Debtor, and subject to the jurisdiction of this Court.

6.      The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Jeannette Villanueva ("Jeannette Villanueva") is an individual that resides in Simi

Valley, California, an insider of the Debtor, the sister of Salvador Villanueva, and subject to the jurisdiction of this Court.

7. The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Lisa Chow ("Chow") is an individual that resides in Simi Valley, an insider of the Debtor, the long time girlfriend or wife of Salvador Vilanueva, and subject to the jurisdiction of this Court. (Budee, Salvador Villanueva, Jeannette Villanueva, and Lisa Chow are collectively referred to herein as the "Defendants" or the "Transferee Defendants").

8. The true names and capacities of DOES 1 through 100 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes and thereon alleges that, each of the fictitiously named defendants are in some manner responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

9. Plaintiff refers to the allegations set forth in paragraph 1 through 8 hereof and incorporates said allegations herein as if fully set forth hereat.

10. Plaintiff is informed and believes and thereon alleges that, on or around February 27, 2020, the Debtor, Budee Acquisition, Inc., a Nevada corporation and a wholly-owned subsidiary of the Debtor at such time (the "Budee Acquisition Sub"), and Budee, entered into an Agreement and Plan of Merger (the "Merger Agreement") in order for the Debtor to acquire complete ownership interest in Budee.

11. The Plaintiff is informed and believes and thereon alleges that the Merger Agreement comprised of, among other things, consideration of $725.000.00 in cash (the "Cash Consideration") and equity in the Debtor equal in value of no less than $12,366,000.00.

12. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Salvador Villanueva held the title of "Chief Executive Officer" of the Debtor.

13. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Salvador Villanueva also held either a majority, complete, or controlling equity interest, or a

3

combination thereof, in Budee.

14. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, that Salvador Villanueva also held either a majority, complete, or controlling equity interest, or a combination thereof, in the Debtor.

15. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Jeannette Villanueva held the title of "Human Resources Manager" in the Debtor.

16. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Jeannette Villanueva also held an equity interest in the Debtor.

17. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Chow held the title of "Director of Delivery Operations" in the Debtor.

18. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Chow also held an equity interest in the Debtor.

19. The Plaintiff is informed and believes and thereon alleges that, although the Merger Agreement became effective on or around February 27, 2020, the Merger Agreement required certain obligations to be fulfilled for the merger to be completely consummated. Among other things, Plaintiff is informed and believes that the necessary filings, including certificates of mergers with the California Secretary of State and the Secretary of State for the State of Nevada, and the Debtor failed to pay the entirety of the Cash Consideration to consummate the merger.

20. Plaintiff is informed and believes and thereon alleges that, on or around December 27, 2021, the Debtor and Budee entered into a Termination Agreement to terminate the Merger Agreement (the "Termination Agreement").

21. The Termination Agreement was executed by Salvador Villanueva, acting as Chief Executive Officer of Driven Deliveries, on the one hand, and Andrew Lee, acting as general counsel to Budee, on the other hand.

22. Among other things, the Plaintiff is informed and believes and thereon alleges that, the termination of the merger between the Debtor and Budee was due to the Debtor's failure to pay $292,344.38 of the Cash Consideration. However, the Plaintiff is informed and believes and thereon alleges that the Debtor paid approximately $457,655.62 in cash consideration had been paid by

4

Driven Deliveries to Budee, Salvador Villanueva, Jeanette Villanueva, and/or Lisa Chow (the "Fraudulent Transfer(s)"). The Plaintiff is informed and believes and thereon alleges that, no portion of the Fraudulent Transfers were ever returned to the Debtor despite the termination of the merger between the Debtor and Budee.

23. Plaintiff is informed and believes and thereon alleges that the intended purpose of the Termination Agreement is for, among other things, [the Debtor] to surrender any claim of interest in Budee, including its stock, business, and assets, on the terms and subject to the conditions set forth therein. Plaintiff is further informed and believes and thereon alleges that the terms of the Termination Agreement effectuated such intent.

24. Plaintiff is informed and believes and thereon alleges that, as of the date of filing the Complaint, the Debtor has not received a return of the money constituting the Fraudulent Transfers.

25. Plaintiff is informed and believes and thereon alleges that Salvador Villanueva received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

26. Plaintiff is informed and believes and thereon alleges that Jeannette Villanueva received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

27. Plaintiff is informed and believes and thereon alleges that Lisa Chow received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

28. Plaintiff is informed and believes and thereon alleges that the Transferee Defendants acted in concert to obtain the Fraudulent Transfers, or proceeds thereof, from the Debtor.

29. Plaintiff is informed and believes and thereon alleges that the Transferee Defendants acted in concert to retain the Fraudulent Transfer(s), or proceeds thereof, without intention to return such proceeds to the Debtor or the Bankruptcy Estate.

30. Plaintiff is informed and believes and thereon alleges that the Transferee Defendants are jointly liable for the Fraudulent Transfer(s), or proceeds thereof.

31. Plaintiff is informed and believes and thereon alleges that, on November 26, 2019, a

complaint was filed in the San Diego County Superior Court styled, <u>Carla Baumgartner, et. al. v. Brian Hayek, Christian Schenk, Driven Deliveries, Inc., et. al.</u> (Case No. 37-2019-00063208-CU-BC-CTL) ("<u>SD Litigation</u>"), asserting certain claims against the Debtor and others.

32.     Plaintiff is informed and believes and thereon alleges that, on or about November 2020, the SD Litigation settled for a sum of $774,621.  Plaintiff is informed and believes and thereon alleges that the Debtor stopped making payments on the said settlement on or about July of 2022, which left an outstanding balance of approximately $322,758.75.  Because of the settlement liability of the Debtor, the Debtor became insolvent as a result of the Fraudulent Transfers.  In other words, the Debtor paid the Transferee Defendants the Fraudulent Transfers rather than paying the defendants in the SD Litigation.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Actual Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))**

33.     Plaintiff realleges Paragraphs 1 through 32 as though set forth in full hereat.

34.     Plaintiff is informed and believes and based thereon alleges that the Debtor made the Fraudulent Transfers with actual intent to hinder, delay, or defraud an existing or future creditor.

35.     By reason of the foregoing, the Fraudulent Transfers are avoidable pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(A).

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Actual Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07-09)**

36.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

37.     Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfer to the Transferee Defendants with the actual intent to hinder, delay or defraud the Debtor's creditors.

38.     The Plaintiff is informed and believes that the Transferee Defendants did not take possession of the Fraudulent Transfers or interest in the Fraudulent Transfers in good faith and for a

reasonably equivalent value, and took possession thereof with knowledge of the voidability of such transfer.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(1) and 3439.07-09.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(2)(B) and 3439.07-09)**

39. Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

40. Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfers to the Transferee Defendants without receiving a reasonably equivalent value in exchange.

41. The Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond its ability to pay as they became due at the time of the Fraudulent Transfers.

42. The Plaintiff is informed and believes that the Transferee Defendants, did not take possession of the Fraudulent Transfers or interest in the Cash Consideration in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of such transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(2)(A) and 3439.07-09.

### FOURTH CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.05 and 3439.07-09)**

43. Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

44. Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfers to the Transferee Defendants without receiving a reasonably equivalent value in exchange.

45. The Debtor was insolvent on the date of the Fraudulent Transfers or became insolvent

1 as a result of such transfers.

2     46.    The Plaintiff is informed and believes that the Transferee Defendants, did not take possession of the Fraudulent Transfers or interest in the Fraudulent Transfers in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of such transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.05 and 3439.07-09.

## FIFTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfer or Value Thereof Under 11 U.S.C. §550)

47.    Plaintiff refers to the allegations set forth in paragraph 1 through 46 hereof and incorporates said allegations herein as if fully set forth hereat.

48.    Plaintiff is entitled to not only avoid the Fraudulent Transfers, but also to recover the value thereof under Section 550(a) for the benefit of the estate from the Transferee Defendants.

## SIXTH CLAIM FOR RELIEF

### (Turnover)

49.    Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

50.    The Plaintiff is informed and believes and thereon alleges that, the Transferee Defendants are in possession, custody or control of property of the estate, including the Fraudulent Transfers.

51.    The Debtor has a legal or equitable interest in the Fraudulent Transfers as of the commencement of its bankruptcy proceeding.

52.    The Transferee Defendants and DOES 1-100 are third-parties subject to the turnover requirements of 11 U.S.C. §542(a).  The money constituting the Fraudulent Transfers are property that the Trustee can use for the benefit of the Estate. Plaintiff is entitled to an order requiring the turnover of the said funds or property to the Trustee.

///

## SEVENTH CLAIM FOR RELIEF

### (Accounting)

53.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

54.     Because Plaintiff is unaware of what funds or property derived or arising from the Fraudulent Transfers have been transferred, misappropriated, or used by the Defendants, an accounting is required to ascertain the location of the said funds or property and any subsequent transferees of such funds or property.  Plaintiff is further entitled to an order requiring the accounting of the said funds or property.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.  For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON THE SECOND CLAIM FOR RELIEF:**

2.  For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON THIRD CLAIM FOR RELIEF**

3.  For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON FOURTH CLAIM FOR RELIEF**

4.  For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON FIFTH CLAIM FOR RELIEF**

5.  For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON SIXTH CLAIM FOR RELIEF**

6. For a judgment requiring the turnover of the Fraudulent Transfers and any proceeds arising therefrom.

**ON SEVENTH CLAIM FOR RELIEF**

7. For a judgment requiring the accounting of property or funds derived from the Fraudulent Transfers.

**ALL CLAIMS FOR RELIEF**

8. For joint and several liability of the Defendants.
9. For prejudgment interest;
10. For costs of suit; and
11. For such other relief as the Court deems just and proper.

Dated: March 14, 2023          DUMAS & KIM, APC

By: */s Christian T. Kim*
    Christian T. Kim,
    Attorneys for Plaintiff and Chapter 7 Trustee,
    Carolyn A. Dye